UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SCOTT MYERS**,

    Plaintiff,

v.

**OFFICE DEPOT, INC.**,
a Foreign Profit Corporation, and
**RON SOREY**, an individual,[1]

    Defendants

Case No. 2:06-CV-11252
Hon. George C. Steeh
Magistrate Judge Mona K. Kajzoub

_____/

**BUTZEL LONG**
By: Lynne E. Deitch (P26732)
    Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI 48226-4430
(313) 225-7000
**Attorneys for Defendant Office Depot, Inc.**

**WARNICKE & WIGENT, PLLC**
By: Matthew Wigent (P46968)
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000
**Attorney for Plaintiff**

_____/

**DEFENDANT OFFICE DEPOT'S RESPONSE AND BRIEF
IN OPPOSITION TO PLAINTIFF'S FIRST REQUEST AND MOTION
<u>TO EXTEND DISCOVERY CUTOFF BY SIXTY DAYS</u>**

---

[1] Mr. Sorey was never served and therefore is not a party to this case.

## **STATEMENT OF THE ISSUES PRESENTED**

A. Whether this Court should deny Plaintiff's request to extend the January 29, 2007 discovery cutoff when Plaintiff's own delay in conducting discovery has prompted the filing of his Motion?

    Plaintiff answers:    No

    Defendant answer:  Yes

B. Whether this Court should limit any extension of discovery for the sole purpose of completing the depositions previously noticed by Plaintiff?

    Plaintiff answers:    No

    Defendant answer:  Yes

C. Whether this Court should award Office Depot its attorneys' fees and costs in having to respond to this frivolous Motion when Office Depot offered to take the requested depositions after the discovery cutoff and offered to make itself available for the depositions prior to the discovery cutoff?

    Plaintiff answers:    No

    Defendant answer:  Yes

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Cases:**

*Brooks v. Johnson & Johnson*, 1990 US. Dist. LEXIS 8144 (E.D. Penn. 1990)

*Miksis v. Schneider National Carriers, Inc.*, 106 F.3d 754, 759 (7th Circ. 1997)

*Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986), *aff'd* at 845 F.2d 1024 (7th Cir. 1988)

**Court Rules:**

Fed. R. Civ. P. 16

E.D. Mich. L.R. 7.1

E.D. Mich. L.R. 16.1

**INTRODUCTION**

Although Plaintiff filed this case on December 14, 2005 and served Office Depot with the Complaint on about January 4, 2006, Plaintiff waited until December 29, 2006 – almost one year after serving Defendant and just four weeks before the close of discovery – to send a notice to take depositions. The notice was to take **nine** depositions on two days – four on January 18, 2007 and five on January 25, 2007.

Because Defendant was not available on January 18, 2007 and discovery was about to close on January 29, 2007, **Defendant** offered to enter into a stipulation to permit Plaintiff to take those depositions within a limited time after the close of discovery. However, Plaintiff was not satisfied with that offer; he also wanted to be able to conduct follow up discovery if he felt it was necessary. Therefore, he filed a motion requesting a 60-day extension of discovery.

Plaintiff premises his motion on his inability to take the nine depositions. The thrust of Plaintiff's argument is that he "does not know exactly what these individuals will say in their depositions and therefore requests discovery after the deposition to file supplemental discovery requests if necessary." (Motion, ¶11). He seems to blame Defendant for his inability to take these depositions before the discovery cutoff, rather than his own inaction and delay. The fatal flaw in Plaintiff's argument is that even if all the depositions had been taken as set forth in his notice, he would not have been able to "file supplemental discovery requests" after the depositions since such requests would not have been timely. Responses to any such requests would

have been due after the discovery cutoff.  Plaintiff is now attempting to use the fact that the depositions were not taken as a back door as a means to extend discovery.

## **ERRORS IN PLAINTIFF'S STATEMENT OF THE FACTS**

Plaintiff's recitation of the facts is in many cases misleading or incomplete and in others, just plain wrong.  He tries to blame his current situation on Defendant, when in fact, it is a result of his own inaction.

Plaintiff inaccurately states that "Defendant insisted on taking Plaintiff's deposition before taking the depositions of other Office Depot employees."  (Motion ¶2).  Defendant did not "insist[]" on anything.  Rather, Defendant was the first to notice a deposition, having first sent a deposition notice on June 20, 2006, along with its initial discovery requests, scheduling Plaintiff's deposition for August 15, 2006. (Exhibit A).  The date was selected to provide Defendant with time to receive and review Plaintiff's discovery responses prior to the deposition.

Plaintiff fails to mention why the deposition did not proceed on August 15, 2006 – namely, that Plaintiff failed to respond Defendant's initial discovery requests, which had been due on July 21, 2006.  (Exhibit B).  In a letter to Plaintiff's attorney dated August 11, 2006, defense counsel stated:

> You indicated that you were going to contact your client regarding the status of the responses.  Please let us know by no later than Wednesday, August 16, 2006 when we can expect to receive these so that we can plan accordingly and reschedule Plaintiff's deposition.

(Exhibit B).  On August 18, 2006, defense counsel sent Plaintiff's attorney another letter stating:

> We have not yet received the responses or otherwise heard from you.  Please provide the responses by

5

> Thursday, August 24, 2006, in order to avoid our filing a Motion to compel…. We cannot proceed with any depositions until we receive the responses.

(Exhibit C).  Plaintiff did not serve the responses until September 13, 2006.  On October 24, 2006, Defendant rescheduled Plaintiff's deposition for November 13, 2006.  (Exhibit D).  Defendant had to reschedule because the individual who was to serve as the company representative at the depositions was going to be out of town on that date at a Global Leadership Forum.  (Exhibit E - Deitch Affidavit).  Defendant rescheduled the deposition for December 21, 2006, when it finally took place.  (Exhibit F; Exhibit E – Deitch Affidavit).

Even assuming, *arguendo*, that Defendant had "insisted" on going first, Plaintiff could have sent out deposition notices scheduling depositions to be taken after Plaintiff's deposition.  Yet, it was not until December 29, 2006, that Plaintiff, **for the first time**, mailed a Notice of Taking Depositions, scheduling **nine** depositions -- four depositions for January 18, 2007 and five depositions for January 25, 2007. (Exhibit G).  Plaintiff was aware of the identity of these individuals prior to his deposition since he included all of them on his witness list.

Plaintiff states that he was informed "sometime after January 2, 2007 that a number of the people were no longer employed by Office Depot."  (Motion ¶6).  In fact, four of the people in the notice were no longer employed by Office Depot. (Exhibit E - Deitch Affidavit).  Defendant could not have informed Plaintiff who had left prior to its knowing who Plaintiff intended to depose.  However, two of the four former employees had left their employment with Office Depot prior to Plaintiff.  Therefore,

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

6

Plaintiff should have known prior to sending the deposition notice that they were former employees.

The Notice was received in defense counsel's office on January 2, 2007, the first business day after it had been mailed. (Exhibit E - Deitch Affidavit). The Notice was not seen by Lynne Deitch, lead counsel for Office Depot, until the afternoon of January 5, 2007, when she returned to the office following the unexpected death of her mother. Ms. Deitch informed Plaintiff's counsel, Matthew Wigent, why she had been out and that she had just seen the Notice. (Exhibit E - Deitch Affidavit).

Although Ms. Deitch informed Mr. Wigent that Office Depot was unable to appear for the depositions noticed for January 18, 2007, contrary to his representation (Motion ¶7), she did not say that Office Depot was unavailable on January 25, 2007. Rather, she informed him that she was not yet certain of Defendant's availability on that date. Mr. Wigent never contacted defense counsel to determine Office Depot's availability on January 25, 2007 or for alternate dates for any of the depositions. (Exhibit E - Deitch Affidavit).

Not having heard from Plaintiff's counsel, on Thursday morning, January 18, 2007, Ms. Deitch called Mr. Wigent in the morning to discuss discovery. She was informed that he was on the telephone and she left a message for him to call her. (Exhibit E - Deitch Affidavit). Because Ms. Deitch had not heard back from Mr. Wigent, later that day she sent him a letter by both e-mail and U.S. Mail. (Exhibit H). She asked for a number of additional dates for the depositions and informed him that she would be out of town from January 31, 2007 through February 5, 2007. She also stated:

7

> It appears likely that we will not be able to schedule the depositions prior to the January 29 discovery cutoff. We do not object to extending discovery for the limited purpose of taking the depositions of those listed in the notice.

(Exhibit H). She further informed him:

> I contacted the Court to determine the best way to handle conducting limited discovery after the cutoff. I was advised that we should submit a stipulation and order. Attached is a Stipulated Order that I prepared. I did not fill in the date because I wanted to wait until we were able to discuss dates.

(Exhibit H).

Mr. Wigent did not contact Ms. Deitch until about noon on Monday, January 22, 2007. He stated that he could not agree to the stipulation because he might need follow up discovery. Even though Plaintiff would not have been entitled to additional discovery, Ms. Deitch suggested crafting some language limiting follow-up discovery, but Mr. Wigent did not agree to that. (Exhibit E - Deitch Affidavit).

Although it was Plaintiff who wanted to take the depositions, after Mr. Wigent did not agree to Defendant's offer of a limited extension of discovery to permit Plaintiff to take the noticed depositions and recognizing the impending discovery cutoff on January 23, 2007, Ms. Deitch sent Mr. Wigent a letter offering to take all of the depositions by the January 29, 2007 discovery cutoff. (Exhibit I). Plaintiff did not take defense counsel up on her offer and did not contact her again to discuss new dates for the depositions. (Exhibit E - Deitch Affidavit). Instead on January 23, 2007, he filed his First Request and Motion to Extend Discovery Cutoff by Sixty Days, which he amended on January 26, 2007.

**ARGUMENT**

    A.    **Plaintiff's Request to Extend Discovery Should Be Denied**

Even if all the depositions had taken place on January 18 and 25, 2007, as scheduled by Plaintiff, he would not have been able to conduct any follow-up discovery. Discovery requests must be served in "sufficient time to permit the responding party the 30-day response time…before the discovery cut-off date." Moore's Federal Practices 3d, §33.41[5]. Accordingly, written discovery requests must be served "at least 30 days before the discovery deadline." *Id*. As one court succinctly summarized, "Common sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery." *Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986), *aff'd* at 845 F.2d 1024 (7th Cir. 1988). *See also Brooks v. Johnson & Johnson*, 1990 US. Dist. LEXIS 8144 (E.D. Penn. 1990); *Miksis v. Schneider National Carriers, Inc.*, 106 F.3d 754, 759 (7th Circ. 1997) (denial of medical exam justified where "Defendants were far from diligent").

This Court's Scheduling Order, as modified by stipulation of the parties, provided a discovery **cutoff** of January 29, 2007. (Exhibit J). Judge Steeh's Practice Guidelines regarding discovery provide:

> The Court has a standing Scheduling Order that is entered in each case following the initial scheduling conference, which sets the discovery cutoff date. **The Court will not order discovery to take place after that date**.

(Exhibit K; emphasis added).  Even if the depositions took place on January 18, 2007 (the first date Plaintiff scheduled any depositions) and Plaintiff prepared and served follow-up interrogatories and document requests that same day, the responses would not have been due until February 17, 2007 – **after the discovery cutoff**.  Therefore, any follow-up discovery requests would have been untimely.

Plaintiff should not be able to benefit from his delay in acting.  It is disingenuous for Plaintiff to claim that he has "diligently attempting [*sic*] to schedule these dates" when he never sent out a notice to take any depositions until December 29, 2006 and did not notice any depositions until 11 days before the discovery cutoff.  He also did not contact defense counsel in response to her offer to discuss dates for the depositions.  (See Exhibits H, I; Exhibit E - Deitch Affidavit).  Plaintiff cites FRCP 16, which provides that the Court "may upon a showing of good cause, extend the dates of discovery."  (Motion ¶15).  However, Plaintiff has merely made conclusory statements; he has not shown "good cause" to justify extending the discovery cutoff.  Accordingly, Plaintiff's motion should be denied and discovery should not be extended.

**B.    If Discovery Is Extended, It Should Be For the Limited Purpose of Allowing Plaintiff to Take the Depositions Previously Noticed**

Even if discovery is extended, it should be for the limited purpose of allowing Plaintiff to take the seven depositions noticed prior to the discovery cutoff.  This does not require a 60 day extension of discovery.  While Plaintiff states that he does not seek to have the Final Pre-trial Conference moved (Motion, ¶14), that would be a necessary consequence of his requested relief.  In Plaintiff's original Motion the only

relief he sought was a 60-day extension of discovery.[2] On January 26, 2007, he filed an amended Motion in which he requested that discovery be extended for 60 days, until March 30, 2007 **and** that the date for dispositive motions also be extended to April 2, 2007.  Under Plaintiff's proposal dispositive motions would be due the next business day after the close of discovery.  Assuming depositions were taken in the last week of discovery, there would not be time to get transcripts to utilize in support of a dispositive motion.

While Plaintiff states that he does not request that the Final Pretrial date be moved (Motion ¶14), as a practical matter, that is the likely consequence if the relief requested by him were granted.  Pursuant to Local Rule 7.1, a response to a dispositive motion filed on April 2, 2007 would be due on April 23, 2007 and a reply would be due no earlier than April 26, 2007.  The final pretrial order is due June 4, 2007 and the final pretrial conference is set for June 11, 2007.  It is unlikely that there could be a hearing on a dispositive motion and a decision rendered prior to the date for the final pre-trial.  Local Rule 16.1(f) provides:

> If a timely-filed dispositive motion remains pending on the tenth day before the scheduled date for submitting the final pretrial order, that date and the final pretrial conference shall be postponed and rescheduled to a date no earlier than 10 days after the date of decision on the motion, unless otherwise directed by the judge in a particular case.  Any scheduled trial date shall also be rescheduled accordingly.

---

[2] Since the deadline for dispositive motions is March 1, 2007, that would mean that dispositive motions would have been due **before** the extended discovery cutoff sought by Plaintiff.

If a dispositive motion is still pending on May 25, 2007, both the final pretrial conference and the trial will be rescheduled. Thus, as a practical matter, it is likely that the relief Plaintiff is seeking would result in an extension of all dates.

### C. Defendant Should Be Awarded Its Fees and Costs

Defendant should be awarded attorneys fees and costs in having to respond to this motion. It is disingenuous for Plaintiff to claim that he has been "diligently attempting to schedule these dates" when he only made a single attempt to schedule depositions, and those depositions were scheduled for 11 days and four days before the close of discovery. Despite Plaintiff's delay in acting, Defendant went out of its way to cooperate and offered to enter into a stipulation allowing Plaintiff to take the noticed depositions after the discovery cutoff. Indeed, defense counsel even drafted and sent to Plaintiff's counsel a proposed stipulation so that Plaintiff could take the depositions after the discovery cutoff. Alternatively, Defendant offered to make itself available so that Plaintiff could take all of the depositions prior to the discovery cutoff. Plaintiff rejected both these offers, instead choosing to file the instant motion. As a result, Defendant has had to spend the time needlessly and go to the unnecessary expense of responding to this motion. It is also an unnecessary use of the Court's resources. All of this could have been avoided if Plaintiff had not delayed in acting or if he had taken Defendant up on its offers regarding discovery. Under these circumstances, it would be appropriate to award Defendant its fees and costs in having to respond to this motion.

## CONCLUSION

For the reasons set forth above, Defendant Office Depot, Inc. respectfully requests that Plaintiff's motion be denied and that it be awarded its fees and costs in having to respond to this motion.

          Respectfully submitted,

          **BUTZEL LONG**

          By:    /s/ Lynne E. Deitch
              Lynne E. Deitch (P26732)
              Katherine Donohue Goudie (P62806)
          150 W. Jefferson, Suite 100
          Detroit, MI  48226
          (313) 225-7000
          Deitch@butzel.com
          Goudie@butzel.com
          **Attorneys for Defendant Office Depot, Inc.**

Dated:   February 9, 2007

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SCOTT MYERS**,

      Plaintiff,

v.

**OFFICE DEPOT, INC.**,
a Foreign Profit Corporation, and
**RON SOREY**, an individual,

      Defendants

Case No. 2:06-CV-11252
Hon. George C. Steeh
Magistrate Judge Mona K. Kajzoub

_____/

| **BUTZEL LONG** | **WARNICKE & WIGENT, PLLC** |
|---|---|
| By: Lynne E. Deitch (P26732)<br>    Katherine Donohue Goudie (P62806)<br>150 West Jefferson, Suite 100<br>Detroit, MI 48226-4430<br>(313) 225-7000<br>**Attorneys for Defendant Office Depot, Inc.** | By: Matthew Wigent (P46968)<br>1701 Cass Lake Road<br>Keego Harbor, MI 48320<br>(248) 738-5000<br>**Attorney for Plaintiff** |

_____/

## **CERTIFICATE OF SERVICE**

I hereby certify and state that on February 9, 2007, a copy of:

- ***Defendant Office Depot's Response and Brief in Opposition to Plaintiff's First Request and Motion to Extend Discovery Cutoff by Sixty Days;*** and
- ***Certificate of Service***

was served upon: ***Matthew Wigent of Warnicke & Wigent, PLLC,*** by electronic mail.

                              /s/ Lynne E. Deitch
                              Lynne E. Deitch (P26732)
                              Katherine Donohue Goudie (P62806)
                              150 W. Jefferson, Suite 100
                              Detroit, MI 48226
                              (313) 225-7000
                              Deitch@butzel.com
                              Goudie@butzel.com
                              **Attorneys for Defendant Office Depot, Inc.**