UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SCOTT MYERS**,

    Plaintiff,

v.

**OFFICE DEPOT, INC.**,
a Foreign Profit Corporation, and
**RON SOREY**, an individual,[1]

    Defendants

Case No. 2:06-CV-11252
Hon. George C. Steeh
Magistrate Judge Mona K. Kajzoub

_____/

**BUTZEL LONG**
By:  Lynne E. Deitch (P26732)
      Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI  48226-4430
(313) 225-7000
**Attorneys for Defendant Office Depot, Inc.**

**WARNICKE & WIGENT, PLLC**
By:  Matthew Wigent (P46968)
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000
**Attorney for Plaintiff**

_____/

**DEFENDANT OFFICE DEPOT'S RESPONSE AND BRIEF
IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS</u>**

---

[1] Mr. Sorey was never served and therefore is not a party to this case.

## STATEMENT OF THE ISSUES PRESENTED

A. Whether this Court should deny Plaintiff's motion to compel depositions when Defendant already offered to take the requested depositions after the discovery cutoff, offered to make itself available for the depositions prior to the discovery cutoff, and made diligent efforts to schedule Plaintiff's requested depositions without any response from Plaintiff?

    Plaintiff answers:   No

    Defendant answer:  Yes

B. Whether this Court should award Defendant its attorneys' fees and costs in having to respond to this motion, where the motion is frivolous, Plaintiff could have requested this relief in his Motion to Extend Discovery, and he failed to respond to Defendant's offers to schedule the depositions?

    Plaintiff answers:   No

    Defendant answer:  Yes

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 37

## INTRODUCTION

Plaintiff has filed a frivolous motion seeking relief that either has already been offered to him by Defendant without his asking or that he never requested. This was also an unnecessary motion since the relief sought in this motion could have been included in Plaintiff's First Request and Motion to Extend Discovery Cutoff by Sixty Days. Based on Plaintiff's conduct and his failure to act in a timely manner, this motion should be denied and Plaintiff should be sanctioned.

## ARGUMENT

Plaintiff filed this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 is captioned: "Failure to Make or Cooperate in Discovery; Sanctions." However, Defendant never failed to cooperate in discovery. To the contrary, Defendant went beyond its duty to cooperate and took affirmative steps which would have permitted Plaintiff to take the depositions he noticed.

As set forth in Defendant Office Depot's Opposition to Plaintiff's First Request and Motion to Extend Discovery Cutoff by Sixty Days, Plaintiff waited until four weeks before the January 29, 2007 close of discovery to notice nine depositions – four for 11 days before the discovery cutoff and five for four days before the discovery cutoff. Plaintiff did not mail the notices for these depositions until December 29, 2006. They were received in defense counsel's office on January 2, 2007, and were not seen by Lynne Deitch, lead counsel for Office Depot in this matter, until the afternoon of January 5, 2007, when she returned to

4

the office following the unexpected death of her mother. (Exhibit A - Deitch Affidavit).

Plaintiff states that "[s]ometime after January 5, 2007, the respective counsel on this matter discussed the depositions noticed" and that "[f]ormalizing the discussions between counsel, Defense counsel composed a letter on January 18, 2007[.]" (Brief, p. 1). This is an incomplete recitation of the facts. On January 5, 2007, upon returning to the office, defense counsel promptly contacted Plaintiff's attorney and told him that she had just seen his notice of depositions and needed to contact her client. A few days later, she informed Plaintiff's attorney that Defendant was not available for the depositions scheduled for January 18, 2007. Plaintiff's attorney never asked defense counsel about alternate dates for these depositions noticed. (Exhibit A - Deitch Affidavit).

Although these were Plaintiff's depositions, it was Ms. Deitch, rather than Mr. Wigent, who made several attempts to set new dates for the depositions. It was Ms. Deitch who telephoned Mr. Wigent's office on the morning of January 18, 2007 to discuss discovery. It was Ms. Deitch who, after not hearing from him, sent Mr. Wigent a letter that afternoon by both e-mail and U.S. Mail asking him for additional dates for the depositions and informing him when she would be out of town. And, it was Ms. Deitch who drafted and enclosed in the letter a stipulation to permit Plaintiff to take the noticed depositions after the close of discovery. This letter did more than "[f]ormaliz[e] the discussions between counsel." Rather, it was

**Defendant** encouraging Plaintiff to take action so that he could do what he said he wanted to do.

Plaintiff seems to suggest that he first learned in the January 18, 2007 letter from Ms. Deitch that four of the nine individuals Plaintiff sought to depose were no longer employed by Office Depot. Plaintiff would have been aware that two of them no longer worked there since they left prior to him. At most, Plaintiff did not learn until the letter that two of the individuals listed were no longer employed by Office Depot.

Plaintiff's statements that he "received a second letter from Lynne Deitch on January 23, 2007 informing Plaintiff that two of the nine deponents were available on January 25, 2007" (Brief, p. 2) and that "Plaintiff's counsel proceeded with the two depositions, but has received no confirmation when the remaining seven depositions will take place" (Brief, p. 2) are misleading. Plaintiff makes it sound like Defendant interfered with his being able to take the depositions when, in fact, it was his own inaction.

Plaintiff never expressed a desire to take the depositions on January 25, 2006 of the current Office Depot employees whose depositions had been noticed for January 18, 2007. Plaintiff's counsel ignored the offers by defense counsel to discuss dates for the other noticed depositions. (Exhibit A - Deitch Affidavit). In her January 18, 2007 letter to Mr. Wigent, Ms. Deitch stated: "I would like to get from you a number of additional dates for depositions." (Exhibit B). Again, in her January 23, 2007 letter to Mr. Wigent, Ms. Deitch stated: "We are also available

for you to take the remainder of the depositions that you noticed by the January 29, 2007 discovery cutoff.  Please contact me to discuss dates." (Exhibit C). **Plaintiff's attorney never contacted Ms. Deitch to discuss dates.**

Plaintiff should not be permitted to wait until the eleventh hour to notice any depositions, ignore offers by Defendant to discuss alternate dates, reject the stipulation drafted by Defendant which would have permitted Plaintiff to take the depositions after the close of discovery and now get an order to compel.  The only reason that the depositions were not scheduled or have not taken place is Plaintiff's own inaction.  Such inaction should not be rewarded.  Judge Steeh's Practice Guidelines provide that "[t]he Court will not order discovery to take place after [the discovery cutoff] date." (Exhibit D).  The discovery cutoff date has passed and Plaintiff's motion should be denied.

Further, pursuant to Fed. R. Civ. P. 37, Plaintiff should be sanctioned for bringing this motion and Defendant should be awarded its fees and costs in having to respond.  Had Plaintiff responded to the offers made by Defendant, there would have been no need for him to seek to compel the depositions.  Moreover, the relief sought in this motion could easily have been incorporated into Plaintiff's First Request and Motion to Extend Discovery Cutoff by Sixty Days.  Rather than doing so, Plaintiff filed two motions.  Defendant therefore had to review and respond to two motions and this Court has had to spend its time and resources considering two motions.

## **CONCLUSION**

For the reasons set forth above, Defendant Office Depot, Inc. respectfully requests that Plaintiff's motion be denied, that Plaintiff be sanctioned for his conduct, and that Office Depot be awarded its fees and costs in having to respond to this motion.

        Respectfully submitted,

        **BUTZEL LONG**

        By:     /s/ Lynne E. Deitch
           Lynne E. Deitch (P26732)
           Katherine Donohue Goudie (P62806)
        150 W. Jefferson, Suite 100
        Detroit, MI  48226
        (313) 225-7000
        Deitch@butzel.com
        Goudie@butzel.com
        **Attorneys for Defendant Office Depot, Inc.**

Dated:   February 12, 2007

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SCOTT MYERS**,

    Plaintiff,

v.

**OFFICE DEPOT, INC.**,
a Foreign Profit Corporation, and
**RON SOREY**, an individual,

    Defendants

Case No. 2:06-CV-11252
Hon. George C. Steeh
Magistrate Judge Mona K. Kajzoub

_____/

**BUTZEL LONG**
By:  Lynne E. Deitch (P26732)
     Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI  48226-4430
(313) 225-7000
**Attorneys for Defendant Office Depot, Inc.**

**WARNICKE & WIGENT, PLLC**
By:  Matthew Wigent (P46968)
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000
**Attorney for Plaintiff**

_____/

## CERTIFICATE OF SERVICE

I hereby certify and state that on February 12, 2007, a copy of:

- ***Defendant Office Depot's Response and Brief in Opposition to Plaintiff's Motion to Compel Depositions;*** and
- ***Certificate of Service***

9

was served upon: **Matthew Wigent of Warnicke & Wigent, PLLC,** by electronic mail.

                                                            /s/ Lynne E. Deitch
                                                    Lynne E. Deitch (P26732)
                                                    Katherine Donohue Goudie (P62806)
150 W. Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
Deitch@butzel.com
Goudie@butzel.com
**Attorneys for Defendant Office Depot, Inc.**