### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SCOTT MYERS,

           Plaintiff,              **CIVIL ACTION NO.  06-CV-11252-DT**

  VS.                    **DISTRICT JUDGE GEORGE CARAM STEEH**

OFFICE DEPOT, INC.,         **MAGISTRATE JUDGE MONA K. MAJZOUB**

           Defendant.

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION
### TO COMPEL DEPOSITIONS

Before the Court is Plaintiff's Motion to Compel Depositions filed on January 29, 2007. (Docket no. 20).  Defendant Office Depot has filed a Response brief.  (Docket no. 22).  Plaintiff has filed a Reply brief.  (Docket no. 25).  All pretrial matters have been referred to the undersigned for determination.  (Docket no. 10).  The Court dispenses with oral argument pursuant to E. D. Mich. L.R. 7.1(e).  This matter is therefore ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

On or about December 28, 2006 Plaintiff sent a notice of depositions to Defendant's counsel naming nine individuals to be deposed.  (Docket no. 20, ex..A).  The depositions of Kelly, Carr, Chomin, and Sorey were scheduled for January 18, 2007.  (*Id.*)  The depositions of Sheehan, Gardner, Miller, Mouch, and Krause were scheduled for January 25, 2007.  (*Id.*)  Defendant's counsel Deitch was out of the office until January 5, 2007.  Upon her return she contacted Plaintiff's counsel and told him that she had just seen the notices and needed to contact her client.  (Docket no. 22, ex. A).  Counsel Deitch told Plaintiff's counsel that Office Depot was not available for the depositions on January 18. (*Id.*)  Two of the depositions scheduled for January 25, apparently those of Miller and Sheehan, were successfully taken.  (Docket no. 20 at 4 & ex. C).  Defendant's counsel has informed Plaintiff's counsel that four of the named persons are no longer employed by Defendant.  These persons are Carr,

Gardner, Mouch, and Krause.  (Docket no. 22, ex. B).  Therefore, the persons still to be deposed for which Defendant would be responsible are Kelly, Chomin, and Sorey.

Defendant's counsel states in her affidavit that she has attempted to have these depositions rescheduled.  She states that she called Plaintiff's counsel on the morning of January 18, 2007, and after not hearing back from him sent him a letter and e-mail proposing to extend discovery past the January 29, 2007 deadline for discovery cut-off for the limited purpose of allowing Plaintiff to take the depositions he had noticed.  (Docket no. 22, ex. A).  Plaintiff's counsel responded on January 22, 2007 that he could not agree to the stipulation because he may need follow-up discovery.  (*Id.*)  This motion was filed on January 29, 2007, the original discovery cut-off date.

The district court entered an Order on February 15, 2007 extending the discovery cut-off deadline until March 14, 2007.  (Docket no. 24).  One day before the Court granted this extension, Plaintiff's counsel sought to have Defendant's counsel agree to extend the discovery period to allow Plaintiff to take the depositions of the persons previously noticed with the opportunity to take further discovery if issues arose during the depositions.  (Docket no. 25, ex. C).  Defendant's counsel apparently took the position that she would not produce any of the persons noticed because the discovery period had ended.  (*Id.*)

Because the deadline for the end of discovery had been extended when the Court began considering the present motion to compel, and because the only obstacle preventing the taking of the depositions seemed to be the expired discovery period, the Court contacted Plaintiff's counsel to determine whether the parties had agreed that Plaintiff would take the remaining depositions.  Plaintiff's counsel advised the Court that approximately five depositions are scheduled in the next one or two weeks.  However, Plaintiff's counsel did not offer to withdraw this motion to compel.

2

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished). The parties are now cooperating and are in the process of getting these depositions taken. The Court also finds from the sequence of events described above that there has not been an abuse of the discovery process by Defendant which would justify granting this motion to compel. The causes of the depositions not being taken before the discovery deadline expired were scheduling problems and the rather short period of time for discovery that remained after the notice was served, rather than an unjustified refusal to produce the deponents. When Defendant's counsel later refused to produce them it was because the discovery deadline had expired, and Plaintiff's counsel had not agreed to the offer to extend the discovery deadline proposed by Defendant's counsel. For these reasons, Plaintiff's motion to compel these depositions will be denied. Nevertheless, the depositions should be taken, and the Court is confident that the parties will continue cooperating to ensure that the depositions are completed before the end of the discovery period.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Depositions (docket no. 20) is **DENIED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 07, 2007          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 07, 2007           <u>s/ Lisa C. Bartlett</u>
                                Courtroom Deputy