UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT MYERS,

    Plaintiff,

v.

OFFICE DEPOT, INC.,
a Foreign Profit Corporation, and
RON SOREY, an individual,[1]

    Defendants

Case No. 2:06-CV-11252
Hon. George C. Steeh
Magistrate Judge Mona K. Majzoub

_____/

**BUTZEL LONG**
By: Lynne E. Deitch (P26732)
    Katherine Donohue Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI 48226-4430
(313) 225-7000
**Attorneys for Defendant Office Depot, Inc.**

**WARNICKE & WIGENT, PLLC**
By: Matthew Wigent (P46968)
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000
**Attorney for Plaintiff**

_____/

**DEFENDANT OFFICE DEPOT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

[1] Mr. Sorey was never served and therefore is not a party to this case.

In an effort to defeat summary judgment, Plaintiff has made numerous statements without any support in the record or taken great liberty with the facts and mischaracterized the record.[2] However, a non-movant cannot defeat a motion for summary judgment with "[m]ere allegations or denials in the non-movant's pleadings" or with "a mere scintilla of evidence supporting the non-moving party." *Lavack v. Owen's World Wide Enterprise Network, Inc.*, 409 F. Supp. 2d 848, 853 (E.D. Mich. 2005), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986). Office Depot will highlight some of the reasons why Plaintiff has not presented evidence to defeat summary judgment against him.

1. **Plaintiff has no claim against an "equal opportunity harasser"**

**Plaintiff** contends that Mr. Sorey harassed both males and females,[3] but then ignores the case law holding that a plaintiff cannot establish hostile work environment sexual harassment where the alleged harasser was an "equal opportunity harasser" (an individual who harasses people of both sexes).[4] While such action is not to be condoned, it is not actionable. As this Court stated in *Lavack, supra*, 409 F. Supp. at 854, citing *EEOC v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 520 (6th Cir. 2002): "it is established in the Sixth Circuit that the Court will not find grounds for an actionable gender discrimination claim when no cause of action would have existed if Defendant had been an 'equal opportunity' harasser."

---

[2] Examples of Plaintiff's inaccuracies are set forth in Exhibit A.
[3] Office Depot does not concede that Mr. Sorey harassed any employees. However, for purposes of this Motion, Office Depot does not dispute Plaintiff's claims that Mr. Sorey harassed both male and female employees.
[4] Plaintiff focuses his argument purely on the fact that same sex sexual harassment can be actionable.

Plaintiff describes in detail situations where Mr. Sorey allegedly harassed female employees. (Opp. 9, 14, 15-16). He specifically states that he "denies that this was an isolated occurrence" and that "Employees of Defendant admitted that Ron Sorey had made calls to **female co-employees** in the middle of the night to discuss anal sex." (Opp. 20; emphasis added). By relying on alleged harassment of employees of both sexes to support his claim of sexual harassment, Plaintiff establishes Mr. Sorey as an "equal opportunity harasser." He cannot claim that Mr. Sorey made a sexual advance toward him "because of" his sex.

2.  **Mr. Sorey was not in a position to engage in *quid pro quo* harassment**

Plaintiff quotes *Hartliep v. McNeilab, Inc.* regarding the necessary showing needed to establish a claim of *quid pro quo* sexual harassment and then attempts to distinguish his situation because Mr. Sorey later had supervisory authority over him. (Opp. 22-23). However, Plaintiff ignores the first sentence of the quoted language: "*Quid pro quo* harassment occurs only where an individual is in a position to offer tangible job benefits in exchange for sexual favors or, alternatively, threaten job injury for a failure to submit." 83 F.3d 767, 775 (1996). The alleged harasser must be in the position to offer benefits or threaten injury **at the time of the alleged harassment**. Otherwise, there is no "*quid pro quo*" -- "something for something." *Id.*

Here, the claimed *quid pro quo* harassment consisted of a single incident in January 2005 where Mr. Sorey's supposedly attempted to kiss Mr. Myers in a bar in

2

Florida. It is undisputed that at the time, they were co-workers and that Mr. Sorey did not have any influence over the terms and conditions of Plaintiff's employment.[5]

### 3. The alleged conduct did not constitute sexual harassment

Plaintiff complains of an alleged single attempt by Mr. Sorey to kiss him when they were in a bar and had been drinking. Plaintiff's testimony was that Mr. Sorey's actions in trying to kiss him involved "a putting his arms around you type of hug." (Ex. B - Myers Dep. 10). This is supported by HR Manager Carr's notes of his discussion with Plaintiff where he wrote that Plaintiff told him that Mr. Sorey had "hugged" and "attempted to kiss" Plaintiff. (Ex. C - Carr Dep. 88-89).

In *Lavack v. Owen's World Wide Enterprise Network, Inc.*, supra, 409 F. Supp. 2d at 855-56, this Court found conduct that can be objectively characterized as far more egregious than what Plaintiff complains about not to constitute sexual harassment.[6] The alleged actions of a male supervisor were found to be inactionable "crude male horseplay" because the male plaintiff failed to show that it was motivated by sexual desire, hostility to the plaintiff's male sex, or that it was severe or pervasive enough to sustain a hostile environment claim. *Id.*

---

[5] Further, Plaintiff testified that Mr. Sorey did not say anything at the time. (Ex. B - Myers Dep. 9). Thus, he did not make any promises or threats if Plaintiff did not succumb to the kiss.

[6] In *Lavack*, the plaintiff alleged that his supervisor: (1) showed the plaintiff two photographs of the supervisor in pajamas, one with a tampon clenched in his buttocks and one with a tampon in his mouth; (2) touched the plaintiff's upper thigh; (3) slapped the plaintiff's genitals with a ruler once or twice; (4) asked the plaintiff whether he wore boxers or briefs; (5) showed the plaintiff a photograph of his nephew (a body builder) in a "Speedo"; and (6) asked the plaintiff whether he wanted to go camping after he responded "no" to the question whether the plaintiff would tell anyone "if you and I went camping in the woods, and I had anal sex with you." 409 F. Supp.2d at 851-52.

4.   **<u>Plaintiff was terminated for job abandonment, not because of retaliation</u>**

Plaintiff ignores the facts when he claims that he was terminated in retaliation for complaining about discrimination. After Office Depot investigated Plaintiff's complaints, he was directed to come in for a meeting and was warned that his failure to attend would result in his termination. (Ex. K to Brief – 10/28/05 letter). Plaintiff admitted receiving a letter informing him that if he did not appear for the meeting, he would be terminated. (Ex. B - Myers Dep. 49-50). He does not dispute that he failed to attend the meeting. However, he maintains that the meeting should have been held away from Office Depot's premises and that he should have been allowed to have a witness of his choosing attend. (Opp. 26).

Plaintiff has cited no cases and Office Depot is unaware of any holding that an employee can determine where a meeting with management will take place. Although not obligated to do so, Office Depot **did** offer to meet with Plaintiff offsite "in a diner or at a Starbucks." (Ex. C - Carr Dep. 64). It was only after Plaintiff rejected this offer that Office Depot confirmed that the meeting would take place onsite at Office Depot. (Ex. C - Carr Dep. 65-66).

Although Plaintiff argues that he should have been allowed to bring a witness of his choosing to the meeting (Opp. 26), he had no right to **any** witness (much less one of his own choosing). See *IBM* Corporation, 341 NLRB 1288, 1291-1293 (2004)(non-union employee has no right to a witness at a meeting where discipline might occur). Even in the union setting, where employees have a right to a union representative at such a meeting, they are not entitled to a particular representative.

4

See, for example, *Pacific Gas & Electric Company*, 253 NLRB 1143, 1143-1144 (1982). Despite having no obligation to do so, Office Depot offered Plaintiff the option of having an employee witness at the meeting, but Plaintiff rejected that offer.

5. **Plaintiff failed to adequately mitigate**

While Plaintiff claims that he took appropriate steps to mitigate his damages (Opp. 27-28), he did not make reasonable efforts to obtain work **of like nature**. See *Katch v Speidel, Div of Textron, Inc*, 746 F2.d 1136, 1143 (6th Cir 1984). Instead, he initially "worked" for no pay and then accepted work as a contract employee, in a different field, at substantially reduced pay and without comparable conditions.

## CONCLUSION

For the reasons set forth in Brief In Support of Motion for Summary Judgment and above, Defendant Office Depot, Inc. respectfully requests that the Court grant its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**BUTZEL LONG**

By: /s/ Lynne E. Deitch
    Lynne E. Deitch (P26732)
    Katherine Donohue Goudie (P62806)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000

Dated: July 11, 2007
933242/7

**Attorneys for Defendant Office Depot, Inc.**

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007, I electronically filed Defendant Office Depot's Reply Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel, Matthew Wigent.

Respectfully submitted,

**BUTZEL LONG**

By: /s/ Lynne E. Deitch
   Lynne E. Deitch (P26732)
   Katherine Donohue Goudie (P62806)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
**Attorneys for Defendant Office Depot, Inc.**

933242/7